# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LANCE GRIFFIN, an individual

       Plaintiff,

vs.

                           CASE NO.

GALEANA CHRYSLER JEEP,
INC. d/b/a GALEANA IMPORTS.

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LANCE GRIFFIN ("Plaintiff" or "Griffin"), through undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant, GALEANA CHRYSLER JEEP, INC. d/b/a GALEANA IMPORTS ("Defendant" or "Galeana"), and states as follows:

## PRELIMINARY STATEMENT

This is a claim by Plaintiff LANCE GRIFFIN against his former employer, GALEANA CHRYSLER JEEP, INC. d/b/a GALEANA IMPORTS ("Defendant" or "Galeana") for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., , the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq., as amended (the "ADA") and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 et. seq.

1.     In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that

employees with serious health conditions have "inadequate job security" when they must leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Plaintiff, with unpaid, job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

2.     The law further prohibits employers from "interfer[ing] with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. 2615." 29 C.F.R. § 826.151(a).

3.     An Employer who commits a prohibited act described in 29 C.F.R. § 826.151(a) is subject to the enforcement provisions set forth in section 107 of the FMLA, 29 U.S.C. 2617.

4.     The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as amended (the "ADA"), is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of

opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8).  The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability.  42 U.S.C. § 12112.  Therefore, termination on account of an employee's real or perceived disability is unlawful.

5.     Plaintiff suffers from a disability that is also a chronic severe health condition entitling him to the protection and benefits under the FMLA and protection from discrimination under the ADAAA and the FFCRA. Plaintiff made Defendant aware of his condition, his anticipated treatment plan, and his need for leave.

6.     Mr. Griffin worked for Defendant from May 2017 until his termination on or about September 2, 2021.  He was a finance director first at the Chrysler Jeep Dealership, and then for the Kia Dealership and the Maserati Alfa Romeo Dealership.  In June 2020 Mr. Griffin tested positive for COVID-19 suffering severe complications and requested and was granted leave pursuant to the Family Medical Leave Act ("FMLA")[1]. Mr. Griffin was out on leave and returned to work in September 2020.  However, when Mr. Griffin returned to work, he was not reinstated to his previous position; he was reassigned to a lesser paying position of Finance Director of Maserati and Alfa

---

[1] Mr. Griffin was not advised that he was qualified to take leave pursuant to the Families First Coronavirus Response Act ("FFCRA")

Romeo only. On April 27, 2021, Mr. Griffin suffered a stroke and was hospitalized for ten (10) days. Testing in the hospital revealed that Mr. Griffin had blood clots, that were more than likely the result of having COVID. In addition, testing in the hospital revealed that Mr. Griffin had a hole in his heart that required surgery. Approximately two (2) weeks after being released from the hospital Mr. Griffin returned to work. On or about June 17, 2021, while at work Mr. Griffin suffered a second stroke, paramedics were called and Mr. Griffin was taken from the showroom by ambulance and hospitalized for five (5) days. While still in the hospital Mr. Griffin was contacted by Mauricio Radazzo the General Sales Manager and was told that Mr. Griffin needed to be back at work on Wednesday. Despite being just released from the hospital, Mr. Griffin returned to work as ordered. In August 2021 Mr. Griffin informed his supervisor that he was scheduled for an Angiogram on September 3, 2021 and would need to take FMLA leave. On September 2, 2021, Mr. Griffin's employment was terminated. The stated reasons for Mr. Griffin's termination were pretextual, and fabricated post-hoc after he engaged in protected activity.

7. Mr. Griffin seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and

(ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADA, as amended, and the FMLA, and has authority to grant declaratory relief under the ADA, FMLA and pursuant to 28 U.S.C. § 2201 et seq.

9.      Venue properly lies in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district.

## PARTIES

10.      At all times material to this action, Plaintiff was a resident of Lee County, Fort Myers, Florida.

11.      At all times material to this action, GALEANA CHRYSLER JEEP, INC. d/b/a GALEANA IMPORTS was, and continues to be a Florida for Profit Corporation, engaged in business in Florida, doing business in Lee County, Florida.  GALEANA can be served with process upon its registered agent, George Knott, Esq., 1625 Hendry Street, Suite 301, Fort Myers, FL 33901.

12.      From in or around May 2017 to his termination on or about September 2, 2021, Plaintiff was employed as a Director of Finance with Defendant.

13.    The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to

any employee". 29 U.S.C. § 2611(4)(ii)(I).

14. Defendant is an employer as defined under the FMLA.

15. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

16. At all times material to this action Defendant directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

17. At all times relevant hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FMLA.

18. At all times material hereto, Plaintiff was entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

19. At all times material hereto, Defendant was an "employer" covered under the FMLA.

20. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FFCRA.

21. At all times material to this action, Defendant was, and continues

to be, "employers" within the meaning of the FFCRA.

22.     At all times material to this action, Plaintiff was an employee entitled to leave under the FFCRA based on the fact that he was employed by Defendant for at least thirty (30) calendar days immediately prior to the day his leave would begin.

23.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

24.     At all times material hereto, Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation.  See 42 U.S.C. § 12111(8).

25.     Plaintiff is covered by the ADA because he is an individual who:

   a.     Has a physical impairment that substantially limits one or more major life activities or bodily functions;

   b.     Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

   c.     Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

26.     Plaintiff is protected by the FMLA, FFCRA and the ADA.

## SATISFACTION OF CONDITIONS PRECEDENT

27.    Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination and Retaliation on February 2, 2022 and an Amended Charge of Discrimination and Retaliation on June 10, 2022, with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

28.    The EEOC is still investigating the Charge of Discrimination.

29.    Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge without a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

30.    All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

31.    In May 2017 Mr. Griffin was re-hired by the Defendant as a Finance Director.

32.    Mr. Griffin initially worked in the Chrysler Jeep Dealership and then was moved to the Kia Dealership.

33.    In June 2020 Mr. Griffin tested positive for COVID-19 and requested and was granted leave pursuant to the Family Medical Leave Act ("FMLA")..

34.     In September 2020 Mr. Griffin returned to work and was informed that he was not being reinstated to his previous position as Finance Director for the Kia Dealership instead he was reassigned to a lesser paying position as Finance Director of Maserati and Alfa Romeo only.

35.     As result of the reassignment to the Maserati and Alfa Romeo Dealership, Mr. Griffin suffered a substantial loss in income.

36.     On April 27, 2021 Mr. Griffin suffered a stroke and was hospitalized for ten (10) days.  Testing in the hospital revealed that Mr. Griffin had developed blood clots, that were more than likely COVID  related.

37.     In addition, testing in the hospital revealed the Mr. Griffin had a hole in his heart that required surgery.

38.     Approximately two (2) weeks after being released from the hospital Mr. Griffin returned to work.

39.     On or about June 17, 2021, while at work Mr. Griffin suffered a second stroke, paramedics were called to the showroom and Mr. Griffin was taken by ambulance and hospitalized for five (5) days.

40.     While still in the hospital Mr. Griffin was contacted by Mauricio the General Sales Manager and was told that he needed to return to work despite Mr. Griffin's need for additional time off.  Despite being just released from the hospital, Mr. Griffin returned to work as ordered.

41.     In August 2021, at the company's monthly meeting, GM Joe Owens, stopped the meeting and announced that in the month of July 2021 the

Maserati/Alfa Romeo division surpassed all projected earnings and asked everyone to give a big thank you to Lance Griffin and Mauricio Radazzo for helping the Company do the best month ever.

42.     In August 2021 Mr. Griffin informed his supervisor that he was scheduled for an Angiogram on September 3, 2021 and would need to take FMLA leave.

43.     On September 2, 2021, Mr. Griffin's employment was terminated.

44.     Defendant claimed that market conditions could not sustain Mr. Griffin's position.

45.     On information and belief, Defendant replaced Mr. Griffin with another Finance Director.

46.     The stated reasons for Mr. Griffin's termination were pretextual, and fabricated post-hoc after he engaged in protected activity.

47.     Defendant, through the actions more specifically alleged above and other instances of discrimination and retaliation, affected Plaintiff in a "term, condition or privilege" of his employment as envisioned by the FMLA.

48.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant (i) failed to provide Plaintiff with notice of his rights under the FMLA; (ii) discriminated against Plaintiff for wishing to take and taking FMLA leave; (iii) failed to reinstate Plaintiff to his position

or a substantially similar position; and (iv) retaliated against Plaintiff because he took FMLA leave, wanted to take additional leave, and would in the future need additional leave.

49.    At all times relevant to this action, the Defendant failed to comply with 42 U.S.C. § 12101 et. seq., because Plaintiff disclosed the nature and extent of his disabilities, requested a reasonable accommodation and Defendant terminated Plaintiff because of his real or perceived disabilities.

50.    Defendant's discriminatory practices and discriminatory conduct were intentional, reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency and were based on Plaintiff's disabilities.

51.    Defendant's reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by the FMLA.

52.    Defendant's reasons for terminating Plaintiff were manufactured, post-hoc, after Plaintiff engaged in activities protected by the ADA and FCRA.

53.    At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA, FCRA and ADA.

54.    At the time of his termination, Plaintiff provided notice(s) to Defendant of his need for FMLA-covered leave.

55.     At the time of his termination, Plaintiff's request for FMLA covered leave also qualified as a reasonable accommodation request pursuant to the ADA and the FCRA.

56.     Plaintiff's notice(s) for his need for leave was sufficient to alert Defendant that his request was for FMLA-covered leave.

57.     Plaintiff notice(s) for his need for leave was sufficient to alert Defendant that his request was for a reasonable accommodation pursuant to the ADA and FCRA.

58.     Plaintiff's notice(s) for his need for FMLA-covered leave was timely.

59.     Plaintiff's notice(s) for his need for ADA/FCRA accommodated leave was timely.

60.     Plaintiff's notice(s) for his need for medical and/or disability leave complied with Defendant's company policies, if any, regarding requests for time off.

61.     Plaintiff suffered from a serious health condition as defined by the FMLA as his condition was:

      a.    An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

      b.    An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

c.  An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

d.  An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

e.  An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

62.  Defendant's termination of Plaintiff interfered with his right to an unqualified reinstatement to the same or similar position after taking available FMLA leave.

63.  Defendant's termination of Plaintiff because of his disability or because Defendant perceived Plaintiff to be disabled constitute disability discrimination.

64.  Defendant's termination of Plaintiff was in retaliation for Plaintiff requesting to take FMLA-covered leave.

65.  Defendant's termination of Plaintiff was in retaliation for Plaintiff requesting a reasonable accommodation pursuant to the ADA/FCRA.

66.  Defendant's termination of Plaintiff was in retaliation for Plaintiff having taken FMLA protected leave and requesting additional FMLA protected leave.

67.     Defendant's termination of Plaintiff was in retaliation for Plaintiff having taken ADA/FCRA protected leave.

68.     Defendant's termination of Plaintiff was in retaliation for Plaintiff having complained of the discriminatory treatment he received after taking and/or requesting FMLA/ADA/FCRA protected leave.

69.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking medical or disability covered leave.

70.     Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by the ADA/FCRA and the FMLA.

71.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need a reasonable accommodation under the ADA/FCRA or FMLA-covered leave in the future.

72.     Plaintiff's FMLA covered absences and/or his likely need for future FMLA-covered leave were a substantial or motivating factor in Defendant's decision to terminate him.

73.     Plaintiff's ADA/FCRA covered absences and/or likely need for future reasonable ADA/FCRA accommodations were a substantial or motivating factor in Defendant's decision to terminate him.

74.     Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

75.     Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

76.     Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

77.     As a result of Defendant's conduct, Plaintiff suffered embarrassment, humiliation, stress, anxiety, fear and dignitary harm.

78.     Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendant acted wantonly or with reckless disregard for the law.

79.     Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities.

80.     Defendant's actions, if left unchecked, will deter other employees from exercising their rights under the ADA/FCRA and the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

81.     Plaintiff re-alleges paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

82.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

83.     Defendant was Plaintiff's employer as defined by the FMLA.

84.     At all times relevant hereto, Defendant interfered with Plaintiff's right to be reinstated to his or an equivalent position.

85.     Defendant's failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

86.     Defendant's failure to provide Plaintiff notice of his FMLA rights, and return to work date, constitutes interference with Plaintiff's rights under the FMLA.

87.     Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

88.     Defendant's termination of Plaintiff because it knew Plaintiff would likely seek FMLA-covered leave in the future as a result of Plaintiff's serious medical condition constitutes interference with Plaintiff's rights under the FMLA.

89.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

90.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

91.     Defendant's violations of the FMLA were willful.

92.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Lance Griffin respectfully requests entry of:

a.   judgment in his favor and against Defendant for its interference with his rights under the FMLA;

b.   judgment in his favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d.   judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.   declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE FMLA

93.   Plaintiff re-alleges paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

94.   Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

95.   Defendant was Plaintiff's employer as defined by the FMLA.

96.   Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA or attempted to exercise his rights under the FMLA.

97.     Defendant discriminated and/or retaliated against Plaintiff because he was likely to exercise his rights under the FMLA in the future.

98.     Defendant discriminated and/or retaliated against Plaintiff because he complained about unfair employment practices and adverse employment actions taken as a result of his exercise of rights under the FMLA.

99.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

100.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

101.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

102.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

103.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

104.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

105.     Defendant's violations of the FMLA was willful.

106.    Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Lance Griffin respectfully requests entry of:

a.    judgment in his favor and against Defendant for its interference with his rights under the FMLA;

b.    judgment in his favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.    judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d.    judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADA

107.    Plaintiff re-alleges paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

108.    Plaintiff is a qualified individual with a disability.

109.    Plaintiff was perceived as disabled by Defendant.

110.    Defendant was Plaintiff's employer as defined by the ADA.

111.    Defendant discriminated against Plaintiff because of his disability or perceived disability in violation of the ADA.

112.     With actual knowledge of Plaintiff's disability and reason for leave, his anticipated return from leave, and need for a reasonable accommodation the Defendant terminated Plaintiff's employment.

113.     Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

114.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

115.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiffs' disability or perceived disability.

116.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

117.     The Defendant's wrongful termination is discrimination on the basis of Mr. Griffin's disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

118.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

119.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

120.     Defendant's violations of the ADA were willful.

WHEREFORE Plaintiff, Lance Griffin, respectfully requests entry of:

a.     judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b.     judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.     judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.     judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.     judgment in his favor and against Defendant for punitive damages;

f.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## <u>COUNT IV</u>
## <u>FAILURE TO ACCOMMODATE (ADA)</u>

121.     Plaintiff re-alleges paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

122.     Plaintiff is a qualified individual with a disability.

123.     Defendant was Plaintiff's employer as defined by the ADA.

124.     Plaintiff's request for leave was a request for reasonable accommodation pursuant to the ADA.

125.    Defendant failed to engage in the deliberative process in determining whether Plaintiff's requested accommodation (leave) was reasonable.

126.    Defendant failed to accommodate Plaintiff by terminating Plaintiff's employment one day prior to the date Plaintiff was scheduled to take additional leave, due to his medical condition.

127.    Defendant's failure to accommodate Plaintiff was not reasonable nor was it justified by any legitimate business judgment.

128.    With actual knowledge of Plaintiff's disability and reason for leave, his anticipated return from leave, and need for a reasonable accommodation the Defendant terminated Plaintiff's employment.

129.    Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

130.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

131.    Defendant's conduct violated Plaintiff's right to a reasonable accommodation as guaranteed by the ADA.

132.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

133.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

134.     Defendant's violations of the ADA were willful.

135.     Plaintiff is entitled to recover his attorney's fees and costs.

WHEREFORE Plaintiff, Lance Griffin, respectfully requests entry of:

    a.    judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

    b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

    e.    judgment in his favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

    g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## RETALIATION AGAINST PLAINTIFF FOR
## EXERCISING RIGHTS UNDER ADA

136.     Plaintiff re-alleges paragraphs 1 through 80 of the Complaint,

as if fully set forth herein.

137.     Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to leave and/or an accommodation.

138.     During the time Plaintiff was employed by the Defendant, Plaintiff engaged in protected activity under the ADA.

139.     Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of his disability.

140.     The Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

141.     During the time Plaintiff was employed by the Defendant, he exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for his disability.

142.     Defendant terminated Plaintiff's employment after he exercised a right afforded under the ADA.

143.     Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his request for accommodation of medical leave for his disability.

144.    Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his objection to illegal discrimination based on his disability.

145.    Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because he took leave and requested additional leave and Defendant perceived the Plaintiff to have a disability and knew and/or believed that the Plaintiff would require additional leave due to his disability.

146.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

147.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

148.    Defendant's violations of the ADA were willful.

149.    Plaintiff is entitled to recover his attorney's fees and costs.

WHEREFORE Plaintiff, Lance Griffin, respectfully requests entry of:

    a.    judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

    b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay,

and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.   judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.   judgment in his favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## UNLAWFUL DISCRIMINATION BASED ON HANDICAP IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

150.   Plaintiff re-alleges paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

151.   Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities.

152.   Plaintiff's condition was a disability or handicap as defined by the FCRA.

153.   Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

154.   Plaintiff requested a reasonable accommodation, medical leave for the care and treatment of his medical condition.

155.    The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

156.    The Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

157.    Additionally, Defendant failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

158.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

159.    The Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

160.    Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

161.    Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

162.    As a result of the Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE Plaintiff, Lance Griffin, respectfully requests entry of:

a.    judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the FCRA;

b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.   judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.   judgment in his favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VII
## UNLAWFUL RETALIATION IN
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

163.   Plaintiff re-alleges paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

164.   Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

165.   Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

166.   Plaintiff requested a reasonable accommodation, medical leave for the care and treatment of his medical condition.

167.   The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

168.   Defendant terminated Plaintiff in retaliation for having requested and taken a reasonable accommodation, medical leave for the care and treatment of his medical condition.

169.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

170.   The Defendant engaged retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

171.   Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

172.   Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

173.   As a result of the Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE Plaintiff, Lance Griffin, respectfully requests entry of:

a.   judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the FCRA;

b.   judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.     judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.     judgment in his favor and against Defendant for punitive damages;

f.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 21st day of September 2022.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017

/s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.:  063365
E-mail: pbotros@forthepeople.com

*Trial counsel for Plaintiff*